Zappin v. Cooper

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand nineteen.

PRESENT:

>  DENNIS JACOBS,
>  PIERRE N. LEVAL,
>  CHRISTOPHER F. DRONEY,
>      <u>Circuit Judges</u>.

_____

Anthony Jacob Zappin,

>       <u>Plaintiff-Appellant</u>,

>  v.                                                          18-1545

Matthew F. Cooper, a Justice of the Supreme Court of New York, in his official capacity,

>       <u>Defendant-Appellee</u>.

_____

| **FOR PLAINTIFF-APPELLANT:** | Anthony Jacob Zappin, pro se, Huntington, WV. |
|---|---|
| **FOR DEFENDANT-APPELLEE:** | Steven C. Wu, Deputy Solicitor General, Seth M. Rokosky, Assistant Solicitor General, <u>for</u> Letitia A. James, Attorney General of the State of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Anthony Zappin, pro se, sued Justice Matthew Cooper, a state matrimonial judge, for defamation, tortious interference, intentional infliction of emotional distress, and prima facie tort under state law, and for denial of a fair trial under 42 U.S.C. § 1983.   Zappin alleged that Cooper disseminated a sanctions decision that contained false, malicious, and improper factual findings, which thus caused him to lose his job and denied him a fair trial during his child custody case before Cooper.   The district court dismissed the amended complaint on collateral estoppel grounds because the factual findings in the sanctions decision that Zappin alleged were false had already been litigated and affirmed on appeal.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the grant of a motion to dismiss de novo, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor."   <u>Fink v. Time Warner Cable</u>, 714 F.3d 739, 740–41 (2d Cir. 2013).

Federal courts apply New York collateral estoppel law to New York state court judgments.   See <u>Hoblock v. Albany Cty. Bd. of Elections</u>, 422 F.3d 77, 93 (2d Cir. 2005).   "[C]ollateral estoppel precludes a party from relitigating an issue which has previously been decided against him in a proceeding in which he had a

2

fair opportunity to fully litigate the point," when (1) "the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and [(2)] the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." Kaufman v, Eli Lilly & Co., 482 N.E.2d 63, 67 (N.Y. 1985) (internal quotation marks omitted); see also Vargas v. City of New York, 377 F.3d 200, 205–06 (2d Cir. 2004). Zappin is collaterally estopped from relitigating Cooper's factual findings in the sanctions decision.

(1) Identity of the Issues. The factual findings in Cooper's sanctions decision were actually litigated in the course of motions by Harriet Newman Cohen, the attorney for the child, and the cross-motion by Zappin to disqualify Cohen.

As the First Department ruled, the sanctions decision was "amply supported by the record," and Zappin's procedural arguments were meritless. Zappin v. Comfort, 49 N.Y.S.3d 6, 6 (N.Y. App. Div. 1st Dep't 2017).

(2) Full and Fair Opportunity. Zappin argues that he was given no notice that Justice Cooper was considering sanctions or that he would make findings about issues beyond the scope of Cohen's motions. This argument is meritless. Cohen requested sanctions in her initial motion papers and in her reply; and Zappin litigated the issues in the trial court and on appeal.

Zappin argues that the district court erred by relying on the fact that Cooper presided over the divorce action. But it is not error for the district court to consider Cooper's familiarity with Zappin's pattern of behavior. See Curry v. City of Syracuse, 316 F.3d 324, 332 (2d Cir. 2003) (noting the "the realities of the litigation" are relevant to the determination whether a party had a full and fair opportunity to litigate an issue (quoting Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 734 (2d Cir. 2001))).

Zappin argues that Cooper never warned him that he could be subjected to sanctions. However, the papers attached to Cohen's motions reflect Justice Cooper's previous consideration of sanctions for Zappin's persistent

3

noncompliance with court orders, and repeated warnings for Zappin to desist from his harassing and unprofessional conduct.

Zappin argues that Cooper was biased against him and fabricated his factual findings. The judicial review procedure in the First Department ensured that Zappin had a fair opportunity to litigate the factual issues and protect his procedural rights. See Kremer v. Chem. Const. Corp., 456 U.S. 461, 484–85 (1982).

Zappin had a full and fair opportunity to challenge the state court's findings in his direct appeal; he cannot relitigate these issues in federal court. Accordingly, Zappin fails to state any claim premised on the alleged falsity or impropriety of the findings.

We have reviewed the remainder of Zappin's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4